Florence Guinn VARKER, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE CO., William H. Guinn, Robert E. Gibson, Jr., as Administrator of Whiteford H. Guinn, Maggie Guinn Salley and Ada White Guinn Bundy, Defendants.

No. C–120–R–57.

United States District Court
M. D. North Carolina,
Rockingham Division.
May 26, 1960.

A. A. Reaves, Hamlet, N. C., for plaintiff.

John S. Cansler, Charlotte, N. C., for defendant Metropolitan Life Ins. Co.

John T. Page, Jr., Rockingham, N. C., for defendant Robert E. Gibson, Jr., administrator of the estate of Whiteford H. Guinn.

Webb & Lee and William G. Pittman, Rockingham, N. C., for defendant William H. Guinn.

STANLEY, District Judge.

This is an action to determine the ownership of the proceeds of a life insurance policy issued by the Metropolitan Life Insurance Company, pursuant to the Federal Employees Group Life Insurance Act, 5 U.S.C.A. §§ 2091–2103, to Whiteford H. Guinn.

The action was instituted by the plaintiff, Florence Guinn Varker, against the defendant, Metropolitan Life Insurance Company, seeking the recovery of the entire proceeds of the policy, amounting to $4,000, by reason of a gift in contemplation of death. The defendant, Metropolitan Life Insurance Company, filed answer and counterclaim for interpleader in which it admitted the material allegations of the complaint with respect to the issuance of the policy, the death of the insured, and its liability for the death benefits in the amount of $4,000, but alleged that it had been prevented from making payment by reason of conflicting claims of the plaintiff and certain other persons. Thereafter, an order was entered allowing the interpleader and making William H. Guinn, Robert E. Gibson, Jr., as Administrator of Whiteford H. Guinn, Maggie Guinn Salley and Ada White Guinn Bundy additional defendants.

After considering the pleadings, stipulations, exhibits, oral testimony and briefs of the parties, the court now makes and files herein its Findings of Fact and Conclusions of Law, separately stated:

### Findings of Fact

1. Whiteford H. Guinn and Maggie Guinn (now Maggie Guinn Salley) were duly and lawfully married in Richmond County, North Carolina, on June 23, 1920. No children were born of this marriage.

2. In February, 1921, Maggie Guinn (now Maggie Guinn Salley) instituted an action in the Superior Court of Richmond County, North Carolina, against Whiteford H. Guinn for an absolute divorce. A decree was entered on June 20, 1921, granting the divorce. There is nothing in the record of said divorce proceeding indicating that the defendant

therein, Whiteford H. Guinn, was served with summons or that the complaint was verified as required by statute. In all other respects, the proceeding was regular.

3. On April 22, 1926, Whiteford H. Guinn and Ada White Guinn (now Ada White Guinn Bundy) were married in Marlboro County, South Carolina, and a certificate of said marriage is duly recorded in the office of the Judge of Probate for Marlboro County, in File No. 10107.

4. One child, William H. Guinn, one of the defendants herein, was born to the marriage of Whiteford H. Guinn and Ada White Guinn (now Ada White Guinn Bundy). The record is not clear as to whether William H. Guinn was born in South Carolina or North Carolina. A birth certificate was filed in the office of the Register of Deeds of Richmond County, North Carolina, on December 3, 1926, indicating that William H. Guinn was born in Richmond County, North Carolina, on November 25, 1926. On January 25, 1957, a delayed birth certificate was filed in Marlboro County, South Carolina, indicating the date of birth as being November 14, 1927. Both certificates indicate the father of William H. Guinn to be Whiteford H. Guinn, and both indicate his mother to be Ada White.

5. Whiteford H. Guinn and Ada White Guinn (now Ada White Guinn Bundy) separated as husband and wife during the latter part of 1927, and thereafter lived separate and apart. The marriage was later dissolved by an absolute divorce, and Ada White Guinn Bundy remarried in 1939. Whiteford H. Guinn contributed to the support of his son, William H. Guinn, until the remarriage of Ada White Guinn Bundy.

6. Whiteford H. Guinn never remarried after his marriage to Ada White Guinn Bundy on April 22, 1926.

7. Whiteford H. Guinn died intestate while a patient at Saint Elizabeth's Hospital, Washington, D. C., on August 17, 1956. It has been stipulated that Whiteford H. Guinn was single on the date of his death and that he left no widow surviving him.

8. Robert E. Gibson, Jr., is the duly appointed, qualified and acting administrator of Whiteford H. Guinn, deceased, having been so appointed by the Clerk of Superior Court of Richmond County, North Carolina.

9. At the time of his death on August 17, 1956, Whiteford H. Guinn, who was an employee of the United States Civil Service Commission, owned a policy of life insurance in the amount of $4,000, which had been issued by the defendant, Metropolitan Life Insurance Company, under the provisions of the Federal Employees Group Life Insurance Act, 5 U.S.C.A. §§ 2091–2103. This policy is evidenced by Certificate Number QL1 146, and was in full force and effect on the date of the death of Whiteford H. Guinn. Said insured, prior to his death, had not designated any beneficiary of said policy in the manner provided therein.

10. On August 14, 1957, the plaintiff, a sister of Whiteford H. Guinn, instituted this action against the Metropolitan Life Insurance Company claiming the entire proceeds of said policy of insurance, alleging that said insurance had been assigned to her by her deceased brother as a gift in contemplation of death.

11. On October 1, 1957, the Metropolitan Life Insurance Company filed its answer and counterclaim for interpleader, admitting that the $4,000 policy of insurance was in full force and effect on the death of Whiteford H. Guinn and its willingness to pay the proceeds thereof to the person entitled to receive same. In its counterclaim for interpleader, said defendant alleged that conflicting claims to the proceeds of said policy had been filed by Florence Guinn Varker, the plaintiff, Robert E. Gibson, Jr., as Administrator of Whiteford H. Guinn, de-

ceased, and William H. Guinn, and that Maggie Guinn Salley and Ada White Guinn Bundy might be claimants or might be entitled to the proceeds of said policy. Upon motion of said defendant, these conflicting claimants were, by order dated October 3, 1957, made additional parties defendant. All parties have been duly served with summons and are properly before the court.

12. At the time it filed its answer and counterclaim for interpleader, the Metropolitan Life Insurance Company paid into the registry of this court the full amount of said policy of $4,000.

13. Maggie Guinn Salley and Ada White Guinn Bundy have both filed answers disclaiming any interest in the proceeds of said policy of insurance, leaving for determination the conflicting claims of Florence Guinn Varker, the plaintiff, Robert E. Gibson, Jr., as Administrator of Whiteford H. Guinn, deceased, and William H. Guinn.

14. On January 31, 1958, an order was entered awarding the defendant, Metropolitan Life Insurance Company, the sum of $277.49 out of the proceeds of said insurance, as counsel fees and expenses necessarily incurred and expended by it in connection with the defense of the action and the filing of its counterclaim for interpleader and interpleading the other defendants, and discharging it from further liability by reason of the issuance of said policy of insurance. There now remains in the registry of this court the sum of $3,722.51 for disbursement to one of the three remaining rival claimants.

### Discussion

The statute (5 U.S.C.A. § 2093) provides for payment of the proceeds of the insurance in the following order of precedence:

"First, to the beneficiary or beneficiaries as the employee may have designated by a writing received in the employing office prior to death;

"Second, if there be no such beneficiary, to the widow or widower of such employee;

"Third, if none of the above, to the child or children of such employee and descendants of deceased children by representation;

"Fourth, if none of the above, to the parents of such employee or the survivor of them;

"Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such employee; * * *."

With respect to the first category, it is not controverted that the insured failed to name or designate a beneficiary by a writing furnished his employer, the United States Civil Service Commission, prior to his death. Neither can the proceeds of the policy pass under the second category, since the parties have stipulated that the insured "died a single man and left no widow surviving him."

We now turn to the third category. The record fully supports the finding that William H. Guinn is the child of Whiteford H. Guinn, and the only child born of his two marriages. Under the provisions of the statute above quoted, and the certificate of insurance, said child is entitled to the proceeds of the policy in question, unless there is some rule of law which disqualifies him.

Robert E. Gibson, Jr., as Administrator of Whiteford H. Guinn, simply takes the position that the divorce proceeding between Maggie Guinn and Whiteford H. Guinn was void by reason of insufficient service of process and failure to verify the complaint. He further reasons that if the decree of divorce was void, the subsequent marriage of Whiteford H. Guinn to Ada White Guinn was bigamous, and that a child born of the bigamous marriage would be illegitimate. It is then argued that since an illegitimate child cannot inherit from his father, and since the deceased neither designated a beneficiary nor left a widow surviving, and since the parents of

Whiteford H. Guinn predeceased him, the administrator would have the superior claim. There is no merit to this argument.

It is well settled that, "under the Federal Employees' Group Life Insurance Act, whether a person is considered to be a child of the decedent is to be determined by the law of the state of decedent's domicile." Grove v. Metropolitan Life Insurance Company, 4 Cir., 1959, 271 F.2d 918, 919. We must then look to the laws of the State of North Carolina to determine whether or not William H. Guinn is legally the child of Whiteford H. Guinn, deceased.

There is considerable doubt as to whether or not the rival claimants may collaterally attack the divorce proceeding between Maggie Guinn and Whiteford H. Guinn. Without deciding this question, and without deciding whether or not the divorce proceeding was valid, there is a North Carolina statute which makes a child born of a bigamous marriage legitimate notwithstanding the annulment of the marriage.[1] Under this statute, there can be no question but that William H. Guinn is the legitimate son of Whiteford H. Guinn, deceased, and as such is entitled to the proceeds of the policy of insurance in question. Grove v. Metropolitan Life Insurance Company, 4 Cir., 1959, 271 F.2d 918.

There is nothing in the record to support the claim of the plaintiff, Florence Guinn Varker. She alleges that the policy was given to her by her brother in contemplation of death, but she does not claim that she was the designated beneficiary, or that any writing relating to the gift was "received in the employing office" prior to the death of her brother. She presented what purported to be a letter transmitting the certificate of insurance to some member of her family a few months in advance of the death of her brother, but this letter was not received as evidence due to lack of proof of its authenticity. The plaintiff wholly failed to offer any proof in support of her claim.

### Conclusions of Law

1. The court has jurisdiction over the subject matter of this action and of the parties.

2. William H. Guinn is entitled to the sum of $3,722.51 now on deposit with the Clerk of this Court, less the costs of the proceeding, same being the net proceeds of the policy.

A judgment will be entered accordingly.

---

1. § 50–11.1, General Statutes of North Carolina: *"Children born of voidable marriage legitimate.—A child born of voidable marriage or a bigamous marriage is legitimate notwithstanding the annulment of the marriage."*