**METROPOLITAN LIFE INSURANCE COMPANY,**

v.

**Bessie THOMPSON, Appellee,**

v.

**Edward THOMPSON, a Minor, by Helen Mae Thompson, Appellant.**

**No. 15844.**

United States Court of Appeals Third Circuit.

Argued Sept. 29, 1966.

Decided Nov. 23, 1966.

Raymond L. Shapiro, Philadelphia, Pa., for appellant.

Jerome L. Markovitz, Philadelphia, Pa. (Jerry Zaslow, Harry A. Cantor, Markovitz, Brooks & Cantor, Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, SMITH and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This case presents the single question of the proper statutory construction of the word "child" in the section of the Federal Employees' Group Life Insurance Act which provides for payment of death proceeds.

The decedent Cornelius R. Thompson was a federal employee covered by a life insurance policy which the Metropolitan· Life Insurance Company issued to the United States Civil Service Commission pursuant to the Federal Employees' Group Life Insurance Act, 5 U.S.C.A. § 2091 et seq. Admitting its liability, the insurance company interpleaded the two conflicting claimants Bessie Thompson, the decedent's mother, and Edward Thompson, who the parties agree was de-cedent's natural son. Because the decedent was never lawfully married under the laws of New York, the state where he lived with Edward's mother as husband and wife, it is conceded here as in the court below that Edward is illegitimate under that state's laws.

Under 5 U.S.C.A. § 2093 [1] children of a federal employee who like decedent here dies without having designated a beneficiary and without having left a surviving spouse take ahead of the employee's parents. The District Court, however, awarded the proceeds to decedent's mother, holding that his illegitimate son was not a "child" under the Act. The Court reached this conclusion by reasoning that local law is controlling and that New York law denies to illegitimates the status of children. From this adverse ruling decedent's minor son Edward takes this appeal by his mother and natural guardian, arguing that in federal legislation the word "child" presumptively includes an illegitimate child, that local law is not determinative of federal rights which should be uniformly interpreted, and that existing case law does not preclude his recovery.

Viewing this matter first without resort to case law, we note the general rule of construction that, absent some other statutory reference, the meaning of terms in a federal statute is a federal question. In the Federal Employees' Group Life Insurance Act Congress has denominated categories of takers in a descending order of preference. One such category is that of "child" or "children". According to ordinary usage a

---

1. Section 2093 reads as follows:

"Any amount of group life insurance and group accidental death insurance in force on any employee at the date of his death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of his death, in the following order of precedence:

"First, to the beneficiary or beneficiaries as the employee may have designated by a writing received in the employing office prior to death;

"Second, if there be no such beneficiary to the widow or widower of such employee;

"Third, if none of the above, to the child or children of such employee and descendants of deceased children by representation;

"Fourth, if none of the above, to the parents of such employee or the survivor of them;

"Fifth, if none of the above, to the duly appointed executor or administrator of the estate of such employee;

"Sixth, if none of the above, to other next of kin of such employee entitled under the laws of domicile of such employee at the time of his death."

child is still a child even though his natural father may have failed to meet the requisite standards of a lawful marriage in a particular state. Further, in this legislation Congress had indicated no intent to differentiate between legitimate and illegitimate children. Cf. United States v. Philippine National Bank, 110 U.S.App.D.C. 250, 292 F.2d 743 (1961). Finally, by 1954 when the Employees' Insurance Act was passed the unfairness to the child of distinctions based on his parents' behavior had long been recognized.

If the meaning of the term "child" in the Act were considered to be a question of local law it would become necessary to determine what part of the law of the particular jurisdiction should be deemed determinative of rights under the federal statute. In addition, variations among jurisdictions as to the definition and status of illegitimate children would destroy federal uniformity and give rise in each case to the preliminary issue of which jurisdiction's law to choose. These difficulties are all avoided by construing the denominated categories of the Act uniformly in accordance with their ordinary meanings. Of course, there being no federal law of domestic relations, whether a particular claimant falls within the federally-defined classification must often be resolved by reference to state law. Here it is clear that Edward is the insured's child.

■■ The limited legislative history of the Act also supports the conclusion, reached apart from a consideration of case law interpretation, that a child is not to be deprived of the proceeds of his father's insurance solely because of illegitimacy under local law. In the President's message to Congress on May 19, 1954 it was stressed that one of the two main purposes of the insurance bill was to cause federal employees to be "better enabled by this low-cost life-insurance protection to carry out their responsibilities to their families." 1954 U.S. Code Cong. and Admin. News, p. 3056. That the purpose of the bill was geared toward assuring support for dependents rather than passing on accumulated wealth to relatives according to local laws of inheritance is also seen from the fact that the insurance is term, not ordinary life, insurance, a fact which House Report No. 2579 indicated should be made clear to federal employees. 1954 U.S. Code Cong. and Admin. News, p. 3053.

■ The question becomes, then, whether the existing case law necessitates a different conclusion from the one independently reached that an illegitimate child is a "child" as that term is used in the Act. This Court has considered the related but distinct problem of whether an employee's child who has been adopted into another family with the insured's consent is still eligible to collect the proceeds of his natural father's insurance. The conclusion reached was that the child could not recover, for the New Jersey adoption statute

" * * * quite obviously proposes to create so far as possible a place for the adopted child in the new family. And we think it equally clear that it is designed, so far as possible, to cut off the previous legal relationships of the adopted child with its natural parents who gave their consent to its adoption by others." La Bove v. Metropolitan Life Ins. Co., 264 F.2d 233, 235 (3rd Cir. 1959).

Thus, a child adopted by another under state law can truly be said no longer to qualify as a "child" of his natural parent within the meaning of the federal category. In contrast, the minor child in the case presently under consideration was not cut off from being the child of his natural father by any affirmative act of the state. Cf. Foster v. Cheek, 212 Ga. 821, 96 S.E.2d 545 (1957) where a state court held that an adopted child could collect under the insurance policy of the adopting parent.

■ In certain other cases the courts have not had to reach the question of the rights of illegitimates under the Federal Employees' Group Life Insurance Act, for under the particular local law assumed to be applicable the children were

held to be legitimate. Grove v. Metropolitan Life Ins. Co., 271 F.2d 918 (4th Cir. 1959); Varker v. Metropolitan Life Ins. Co., 184 F.Supp. 159 (D.C. N.C.1960). The only other case involving this Act is Brantley v. Skeens, 105 U.S.App.D.C. 246, 266 F.2d 447 (1959). There the court looked to the inheritance law of the jurisdiction where the claim arose, the District of Columbia. Under that law an illegitimate child could share equally with legitimate children ·in the natural mother's estate, and therefore the illegitimate child could share in the proceeds of the federal insurance which the mother possessed at her death. In looking to local law the ·court followed the procedure outlined in DeSylva v. Ballentine, 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956). If we are required likewise to look to local law, it is clear that the illegitimate minor Edward cannot recover the proceeds of his father's insurance since under New York law a bastard is *nulius filius* for purposes of inheritance from his father's ·estate.

Although the Supreme Court of the United States has not ruled on the meaning of "child" in the present Act, we now specifically consider DeSylva v. Ballentine, supra, because appellee relies heavily thereon. That case involved the ·question of the correct interpretation of ·"children" under § 24 of the Copyright Act, 17 U.S.C.A. This Act provides for .a second 28-year copyright after the expiration of the original 28-year term, and § 24 provides that a deceased author's ·children, among others, may renew the ·copyright. The Court held that an illegitimate child could share in the renewal rights because under California inheritance law, which was there deemed the relevant source of rights under the Copyright Act, an illegitimate is included within the term "children". Whether the same reasoning would be employed today to exclude a New York author's illegitimate child from copyright renewal rights does not require our speculation. For however appropriate it may be to follow state laws of inheritance where the problem is essentially one of passing accumulated wealth to succeeding generations, we think it reasonable to infer here that Congress intended the distribution of proceeds of term insurance to provide a substitute source of income for that lost by the insured's death. Therefore, the *DeSylva* case which involved a different Act with different purposes does not control the resolution of the present problem of statutory construction.

It is true that the Federal Employees' Group Life Insurance Act grants insureds the usual privilege of designating any beneficiaries they please. While a wholly undeserving individual of course is sometimes selected, such a provision more often allows the insured to designate as the recipient of his insurance proceeds a particularly dependent person, who might not otherwise take under the statute. In the absence of designation by the insured, it may be assumed that the insured desires the proceeds to go in the order established by statute which is called to his attention. Or, if the insured is considered not to have thought about the matter, the order of priority which the statute sets up seems based on a general calculation of priority of need.

Many other cases involving the interpretation of the word "child" in other federal statutes have been called to our attention and have been considered by us. However, while the reasoning in many of these cases supports the result reached here, it has particular application to the statutes there involved with their varied language, legislative history and general purposes. We have found no case construing an analogous statute which reaches an inconsistent conclusion.

Accordingly, the judgment of the District Court will be reversed and the proceeds of Cornelius R. Thompson's federal insurance is ordered paid to his son Edward.