**METROPOLITAN LIFE INSURANCE CO., Plaintiff,**

v.

**Onedia BUCKLEY et al., Defendants.**

**Civ. A. No. 3993.**

United States District Court
S. D. Mississippi,
Jackson Division.

Dec. 14, 1967.

W. Calvin Wells, Jr., Jack W. Brand, Wells, Thomas & Wells, Jackson, Miss., for plaintiff.

Jackson H. Young, Jackson, Miss., J. A. White, Durant, Miss., Bernard W. N. Chill, Jackson, Miss., for defendants.

## OPINION OF THE COURT

DAN M. RUSSELL, Jr., District Judge.

Metropolitan Life Insurance Company filed its bill of interpleader pursuant to 28 U.S.C., Sections 1335, 1397, and 2361, setting forth that it had received conflicting claims to the proceeds of a $7,000.00 insurance policy issued to one Joe W. Buckley, a U. S. Post Office employee in Chicago, Illinois, pursuant to the Federal Employee's Group Life Insurance Act of 1954, 5 U.S.C., Section 2091 et seq. The group certificate, a part of Group Policy No. 17,000–G, provides, in the event no beneficiary is named, for the proceeds to be distributed as follows:

1. To the widow or widower.

2. To the child or children in equal shares, with the share of any deceased child distributed among the descendants of that child.

3. To parents in equal shares or the entire amount to the surviving parent.

4. The duly appointed Executor or Administrator of deceased's estate.

5. The next-of-kin under the laws of the state of deceased's domicile.

Plaintiff set forth the conflicting claims of Onedia Buckley, a resident of Holmes County, Mississippi, as Administratrix of the Estate of Joe W. Buckley, deceased, having been appointed by the Chancery Court of Holmes County; of Amanda Buckley, a resident of Chicago, as grandmother of the deceased; and of Claudette Bostic, a resident of Chicago, as mother and next friend of Brenda Bostic, Stephanie Bostic, and Deborah Bostic, alleged minor children of the deceased. The proceeds of the policy were paid into the registry of the Court, and Metropolitan was discharged of any further obligation herein, upon payment to it of $300.00 in attorney fees and the sum of $79.76 in costs, the Court retaining jurisdiction to adjudicate the claims.

The cause was submitted to the Court on a stipulation, admission of documents, the testimony of Claudette Bostic, and on briefs.

By stipulation, it was agreed, and the Court so finds, that Joe W. Buckley, died, intestate, on April 7, 1966, in Chicago, Illinois; that Buckley was single at the time of his death and had never married; that Onedia Buckley is the stepmother of deceased, her children are half-brothers and half-sisters to the decedent,

and that she duly qualified as Administratrix of decedent's estate in Cause No. 11032, pending in the Chancery Court of Holmes County, Mississippi; that Amanda Buckley is the paternal grandmother of the deceased; that Claudette Bostic is the natural mother of Brenda Bostic, Stephanie Bostic and Deborah Bostic, having never been married to the deceased; that Joe W. Buckley was the child of Joseph Buckley and Essie Whitfield, who had a common law marriage at a time when such was recognized in Mississippi; and that deceased died without having designated a beneficiary.

In an affidavit of Onedia Buckley, claimant adverse to Claudette Bostic, affiant stated that on February 8, 1952, in Durant, Mississippi, she married deceased's father, Joe Willie Buckley, after his first wife died. At that time and for many years following the death of his mother, deceased lived with his grandmother, Amanda Buckley, another claimant, in Chicago, but would occasionally visit in Mississippi. The fact that deceased's mother died in 1938, and, that the deceased thereafter went to live with his grandmother, Amanda Buckley, in Chicago, and attended school there, is substantiated by another affidavit of a disinterested person on file.

Other documents, in addition to the testimony of Claudette Bostic, show that Claudette Bostic separated from her husband, Geraldine Bostic, on or about 1958. There was no divorce. Thereafter Claudette Bostic became the mother of Brenda, Stephanie and Deborah in Chicago. Claudette Bostic testified that following her separation from Geraldine Bostic, she lived with Joe W. Buckley throughout the birth and early years of these three minors. She offered in evidence an acknowledgement of paternity of Brenda, born September 16, 1962, sworn to by Joe W. Buckley on September 27, 1962, a similar acknowledgement of paternity of Stephanie, born August 28, 1963, sworn to by Joe W. Buckley on August 14, 1964, and a birth certificate from Cook County, Illinois, of the birth of Deborah Buckley, born April 15, 1965,

and on which the name of the father is shown as Joe Willie Buckley, post office clerk in Chicago. Claudette Bostic testified that the deceased claimed these three children as dependents for income tax purposes, and that she had submitted the paternity acknowledgements to the Cook County Department of Public Aid for the purpose of receiving assistance, but that she received none as the deceased supported said children.

Claudette Bostic admitted the children are illegitimate, and it may be said that her testimony is otherwise self-serving. However, from other evidence in the file, there is ample supporting proof that Joe W. Buckley, deceased was the father of these children, recognized them as such, and, during the last five years of his life, contributed to their support.

■ The policy designates that children of the deceased insured shall be preferred ahead of an executor. The issue before this Court is whether or not the illegitimate minors are "children" within the meaning of the policy and the Act. The leading cases hold that the Act is not an act of inheritance or descent of property, but the rights conferred thereby are contractual and are to be determined by the relevant state law.

In Grove v. Metropolitan Life Insurance Co., 4 Cir., 271 F.2d 918, distribution was allowed to an illegitimate child under an interpretation of a Virginia statute declaring that the issue of marriage deemed null in law shall nevertheless be legitimate.

In Bowen v. N. Y. Central Ry. Co., D. C., 179 F.Supp. 225, illegitimate children in Massachusetts were held not "children" in respect to being beneficiaries under the Federal Employer's Liability Act.

On the other hand, as in Virginia, see Grove case, supra, a child of a bigamous and void marriage in North Carolina was held to be legitimate for the purpose of receiving benefits under the Federal Employee's Group Life Insurance Act. Varker v. Metropolitan Life Ins. Co., D. C., 184 F.Supp. 159.

In a recent case, Metropolitan Life Insurance Co. v. Thompson (1966), D.C., 250 F.Supp. 476, reversed, 3 Cir., 368 F.2d 791, the District Court held that decedent's son who was illegitimate lacked standing of the word "child" within the Act, and his claim was denied. However, the Circuit Court reversed, holding that the Act is to assure support for dependents rather than to pass on accumulated wealth to relatives according to laws of inheritance, this despite the conclusion that the son, under New York state law, was illegitimate. The Court's reasoning was that in the federal legislation, Congress indicated no intent to differentiate between legitimate and illegitimate children, adding "there being no federal law of domestic relations, whether a particular claimant falls within the federally-defined classification must often be resolved by reference to state law."

■ Turning to the state laws of Illinois, it is apparent from a part of the Probate Act, Ill.Rev.Stat.1961, Chap. 3, Art. 2, Sec. 12, that an illegitimate child may inherit from its father if the father acknowledges the child as his and if the parents inter-marry. See Krupp v. Sackwitz, 30 Ill.App.2d 450, 174 N.E.2d 877. For purposes of inheritance in Illinois the three minors here would not inherit from the deceased, for he and Claudette Bostic never married. However, this same Krupp case states that there are other Illinois statutes pertaining to children, among them the Paternity Act (Ill. Rev.Stat.1963, Ch. 106¾, Sec. 52) which requires the *identified* father to support the child to the age of 18 years. This statute does not classify children as "bastards" or "illegitimates". A 1965 Illinois case, Wallace v. Wallace, 60 Ill. App.2d 300, 210 N.E.2d 4, throws further light on the state's consideration of illegitimate children. Referring to the same Paternity Act, the court stated that this act contains provisions that the father of a child shall be liable for its support, maintenance, education and welfare to the same extent as the father of a child born in lawful wedlock. Further, that the father of a child born out of wedlock shall have no right of custody or control except as granted pursuant to adoption revealed the legislature's view that the father of an illegitimate child has duties equal to those of the father of a legitimate child but has none of the rights.

■ Having found that the three minor children of Claudette Bostic are the children of the deceased policy holder, that he recognized them as his own and contributed to their support, the Court further finds that the remaining funds in this action, now held by the Clerk of this Court, should be disbursed for the benefit of said children, less court costs and a reasonable attorney fee. As soon as a proper person is qualified in Illinois to administer these funds, an order may be drawn directing the Clerk of this Court to disburse said funds to said person.

A separate order may be submitted on the findings of this opinion.