## Hill Estate

Before Klein, A. J., Saylor, Shoyer, Bruno, Pawelec, and Silverstein, JJ.

*Joel D. Caney* and *Dennis P. Talty,* for petitioner.

*Mervin J. Hartman,* contra.

SHOYER, J., May 1, 1974.—The guardian's "amended answer and preliminary objection raising question of jurisdiction" present us with two issues: (1) Does this court have the power to decide the right of the guardian's ward to retain the proceeds of her deceased father's Federal Employees' Group Life Insurance against her half sister's claim to one-half, and (2) are the United States Government and the insurance carrier indispensable parties? We answer "yes" to the first question and "no" to the second.

The petition of Jo Ann Hill represents that she and her half sister, Janet Alcine Hill, are the children of Bernard Franklin Hill who died November 3, 1965; that said decedent was employed by the United States Post Office Department and insured by the Federal Employees' Group Life Insurance Act; that said Act provides that, if at the time of the death of the employe there be no designated beneficiary, payment of the proceeds shall be made in the following order of precedence: (1) "To the widow or widower of the employee"; (2) "if none of the above, to the child or children of the employee . . ."

Jo Ann's petition further avers that Bernard Franklin Hill left no widow surving him and that the minor, Janet Alcine Hill, by her mother, Annie B. Hill, made claim to all of the proceeds of the said insurance policy, claiming that she was the only child of the said Bernard Franklin Hill. It is further averred that on the basis of such latter allegation, this court appointed Ethel Taylor as guardian of the estate of Janet Alcine Hill and ordered the guardian to deposit the insurance

proceeds in a restricted account in the West Philadelphia Savings and Loan Association.

On the basis of the foregoing representations, Jo Ann Hill requested that a citation be issued to Ethel Taylor, guardian of the estate of Janet Alcine Hill to show cause why one-half of the proceeds of the Federal Government Life Insurance Policy which is presently deposited in the guardian's name in a restricted account should not be turned over to the petitioner, Jo Ann Hill.

Ethel Taylor, guardian, pleaded by way of amended answer that Janet Alcine Hill is the sole legitimate child of Bernard Franklin Hill and that Jo Ann Hill is illegitimate. Preliminary objection is also made that "the United States Government and/or its insurance carrier are indispensable parties" and that this "court lacks jurisdiction to determine the issue on the merits."

We are all agreed that the principal issue concerns the right, title and interest to the fund which the guardian, Ethel Taylor, presently holds in her name in a restricted account in the West Philadelphia Federal Savings and Loan Association.

The Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301, which was in effect when Ethel Taylor was appointed guardian on February 17, 1966, gives the orphans' court *exclusive jurisdiction* of "(4) the administration and distribution of the real and personal property of minors' estates." In Philadelphia, since January 1, 1969, when the amendments to Article V of the Constitution of Pennsylvania became effective, the powers of the orphans' court have lodged in the Orphans' Court Division of the Court of Common Pleas of Philadelphia. On July 1, 1972, a new statute entitled the "Probate, Estates and Fiduciaries Code" became effective. This code is a part of the new consolidated Pennsylvania statutes and, in large-meas-

ure, has restated such powers of the present orphans' court division as were formerly vested in the orphans' court under the Orphans' Court Act of 1951 prior to the constitutional amendment. Jurisdiction over minors' estates is now found in 20 Pa. S. §711(4) and reads:

"Except as provided in section 713 [of this Code relating to adoptions and birth records in Philadelphia County] the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:

". . . (4) Minors' estates. The administration and distribution of the real and personal property of minors' estates."

There can be no question that this court has jurisdiction over the distribution of this savings and loan account now held in the name of Ethel Taylor as guardian. "The power to distribute includes the power to decide all questions necessary to a proper distribution [citing cases]:" King's Estate, 215 Pa. 59, 61 (1906). "Within the orbit of its jurisdiction [the Orphans' Court Division of the Court of Common Pleas] has all the powers of a court of chancery": Slagle's Estate, 335 Pa. 552, 557 (1939). Accordingly, the court's authority extends to the determination of all questions arising out of the division of the fund, including overpayments in distribution, unjust enrichment and the full complement of equitable remedies: Slagle's Estate, supra, page 557; Mauser v. Mauser, 326 Pa. 257, 259 (1937).

However, petitioner, Jo Ann Hill, is not entitled to the relief which she seeks upon the present petition. Since her petition was originally filed with this court on July 8, 1970, this court has never lost its jurisdiction over that fund. (The unusual delay has been caused by failure of the parties to place the matter on

the argument list.) Proceedings in this court when moving against a fund which is before the court are in rem. The ensuing decree of this court in making distribution, after proper notice to the parties in interest and proper advertising in accordance with statutory law, binds the whole world. As so well stated by our late colleague, Judge Lefever, in Parkhurst Estate, 14 D. & C. 2d 661, 665, 8 Fiduc. Rep. 442, 446 (1958):

"The classic procedure for adjudicating matters in the orphans' court is at the audit of an account. Such audit is formally advertised in a manner most conducive to give notice to all persons having any interest in the estate and to provide them an opportunity for their day in court. Moreover, the accountant is required to send formal notice to all known persons in interest. With *all* parties in interest present or represented, it is possible for the court to determine all issues at one time . . .

"In contrast, cases on petition and answer in this court and cases in the common pleas court are between specific parties. Other interested parties do not necessarily have any rights in, or notice of, such litigation. For example there has been no advertisement of the pendency of the instant case in this court. Consequently, there is no assurance that all creditors or other claimants in Pennsylvania will receive such notice as to give them an opportunity to present their claims. Hence, this court proceeds by petition and answer in unusual cases, only."

In Webb Estate, 391 Pa. 584, 590 (1958), this court exercised its jurisdiction over a firm of real estate agents who continued to collect rents following the death of decedent but refused to turn over these rents to the administrators. It was held by Administrative (then President) Judge Klein of this court in an opinion which was quoted and approved by our Supreme

Court that a fiduciary such as an administrator or guardian is " 'an officer of the court and any property received by him as administrator [or guardian] may be regarded as in the custody of the court.' "

Since February 17, 1966, when Ethel Taylor was appointed guardian of Janet Alcine Hill on the petition of the latter's mother, Annie B. Hill, the records of this court have borne witness to the fact that Bernard F. Hill was survived by no widow and by only one child, to wit, Janet Alcine Hill. Now we have sworn averments that Bernard F. Hill was survived by another daughter, who, it is claimed, is entitled to one-half the insurance proceeds. In opposition, it is averred that this second claimant is illegitimate, but this allegation, even if proven, may not invalidate her claim once all the evidence is before the court and the legal issues are thoroughly threshed out. An audit of the guardian's account is the proper forum to sift the facts in all-out adversary conflict. Such findings, when made, will establish once and for all whether Bernard F. Hill was survived by more than one child, and if so, then the exact number. An issue so vital should be presented to the court in no lesser fashion.

Since we believe that we have jurisdiction to decide the merits of the issue raised by the petitioner, Jo Ann Hill, we will enter our decree directing the filing of an account by Ethel Taylor, guardian of the estate of Janet Alcine Hill. Notice of the filing of that account may be given both to the Federal government and to the insurance carrier of the group policy issued on behalf of the Federal employes. Since the mandatory provisions of the insurance policy as to payment of the benefits are statutory (see 5 U.S.C. § 8705), and there is no controversy over the amount of the insurance, we see no need for the inclusion of the United States and the insurance carrier as parties. The identity of

the insurance carrier, while not disclosed by these pleadings, can be readily ascertained and no doubt its records, if needed, can be produced pursuant to a subpoena duces tecum.

"Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, the leading case on the subject, defines indispensable parties as: 'Persons who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either *affecting that interest*, or leaving the controversy in such a condition that its final termination may be *wholly inconsistent with equity and good conscience'*": Shell Development Co. v. Universal Oil Co., 157 F. 2d 421 (*Emphasis supplied.*) In light of the above definition, it cannot be said that either the United States or the insurance carrier is an indispensable party, for neither one has any further interest in the matter now before the court, nor could a judgment be rendered for or against them, or either one of them.

Our study of this matter has led us to an examination of a number of the authorities cited in volume 5 U. S. C. under section 8705. We believe that Metropolitan Life Insurance Company v. Thompson, 368 F. 2d 791 (C.C.A. Pa., 1966), certiorari denied 388 U.S. 914, 87 S. Ct. 2127, 18 L. Ed. 2d 1355, sheds light on the issue before us. In that case, it was held that the natural son of a Federal employe was a "child" within this section, absent a designated beneficiary or surviving spouse, notwithstanding the fact that the son was illegitimate under the law of New York State. The Circuit Court of Appeals for the Third Circuit held that a child is not to be deprived of the proceeds of his father's insurance under this chapter solely because of his illegitimacy under local law.

While we do not assume to foretell the outcome of the issues here involved, we do believe that the plead-

ings spell out a colorable claim on the part of the claimant, Jo Ann Hill.

An additional reason for the ordering of an account by the guardian at this time is that the ward, Janet Alcine Hill, will become 21 years of age on June 21, 1974.

Accordingly, we enter the following

DECREE

And now, May 1, 1974, the court orders and directs Ethel Taylor, guardian of the estate of Janet Alcine Hill, a minor, to file her account with the clerk of this court within 30 days from this date. Said guardian and the said Janet Alcine Hill are expressly prohibited from making any withdrawals from the fund heretofore deposited in the West Philadelphia Federal Savings and Loan Association, now known as Metropolitan Federal Savings and Loan Association of Eastern Pennsylvania, being account no. 78631, until the further order of this court.

Counsel is directed to serve forthwith a copy of this order upon the said Metropolitan Federal Savings and Loan Association of Eastern Pennsylvania.