No. A-CV-22-88
# Supreme Court of the Navajo Nation

## In re Estate of: Robert Jumbo
### Decided February 23, 1990

## OPINION

Before TSO, Chief Justice, AUSTIN and YAZZIE (sitting by designation), Associate Justices.

Genevieve K. Chato, Esq., Kayenta, Arizona, for the Appellant; and Earl R. Mettler, Esq., Albuquerque, New Mexico, for the Appellee.

Opinion delivered by Austin, Associate Justice.

Appellant Evangeline Jumbo appeals a final probate order which imposed a constructive trust on Federal Employees' Group Life Insurance (FEGLI) policy proceeds and included them in the estate of Robert Jumbo to satisfy a claim against the estate. Two issues are presented on appeal: (1) whether Navajo courts must abide by the distribution section (5 U.S.C. § 8705(a)) of the FEGLI Act; and (2) whether a constructive trust benefiting a person not designated in section 8705(a) may be imposed by a Navajo court upon FEGLI policy proceeds after a person designated in section 8705(a) is paid. We reverse and remand.

### I

Robert Jumbo suspected his wife Evangeline was having an affair with Chee Biakeddy. In April 1978, Mr. Jumbo shot and killed Biakeddy in a field near Many Farms, Navajo Nation (Arizona), while Mrs. Jumbo looked on. Fearing that his wife would follow through on subsequent threats to report the slaying to police, Mr. Jumbo admitted killing Biakeddy, and committed suicide.

At the time of his death, Mr. Jumbo held a FEGLI policy by virtue of his employment with the Bureau of Indian Affairs. Mr. Jumbo had failed to designate a beneficiary on his policy. Proceeds totalling $118,898.69 were therefore paid to Mrs. Jumbo in accordance with federal law which provides for payment to the surviving spouse if no beneficiary is designated by the employee. 5 U.S.C. § 8705(a).

Biakeddy's widow, Rose, obtained an order from the district court restraining Mrs. Jumbo from disposing of the policy proceeds and brought a wrongful death action against Mr. Jumbo's estate. The court ruled in favor of Mrs. Biakeddy and awarded her $75,000.00 in compensation for Mr. Jumbo's killing of her husband.

In related probate proceedings, the court acknowledged that Mrs. Jumbo was the lawful beneficiary of the FEGLI proceeds, but imposed a constructive trust on the proceeds, relying on the doctrine of unclean hands. The court found unclean hands from these four facts: Mr. Jumbo had caused the death of Biakeddy; Mrs. Jumbo was present at the shooting; Mr. and Mrs. Jumbo had separated at the time of Mr. Jumbo's death; and Mrs. Jumbo threatened to report the killing to police which caused Mr. Jumbo to commit suicide.

The court then included the FEGLI proceeds in the estate and allowed Mrs. Biakeddy's claim against the estate so that her judgment of $75,000.00 for the wrongful death could be satisfied with the proceeds. The final probate order, however, shows that Mrs. Biakeddy was awarded $10,000.00 worth of estate property, but none of the proceeds, thereby leaving $65,000.00 of the claim unpaid.

## II

The first issue is whether the Navajo courts must abide by the distribution section of the Federal Employees' Group Life Insurance Act. The applicable parts of the section provide as follows:

§ 8705. Death claims; order of precedence; escheat

(a) The amount of group life insurance and group accidental death insurance in force on an employee at the date of his death shall be paid, on the establishment of a valid claim, to the person or persons surviving at the date of his death, in the following order of precedence:

First, the designated beneficiary or beneficiaries by the employee in a signed and witnessed writing received before death in the employing office....

Second, if there is no designated beneficiary, to the widow or widower of the employee.

Third, if none of the above, to the child or children of the employee and descendants of deceased children by representation.

Fourth, if none of the above, to the parents of the employee or the survivor of them.

Fifth, if none of the above, to the duly appointed executor or administrator of the estate of the employee.

Sixth, if none of the above, to other next of kin of the employee entitled under the laws of the domicile of the employee at the date of his death.

Appellant Mrs. Jumbo argues as follows: (1) section 8705(a) mandates payment of the FEGLI proceeds only to her; (2) after she is paid, section 8705(a) precludes a Navajo court from using Navajo law to order payment of the proceeds to another party; (3) section 8705(a) precludes a Navajo court from imposing a constructive trust on the proceeds; and (4) alternatively, if a constructive trust is allowed, the evidence here does not support imposition of the constructive trust.

Appellee Mrs. Biakeddy responds as follows: (1) section 8705(a) acts like a facility of payment clause by which the insurance company can pay Mrs. Jumbo the proceeds to avoid liability; subsequently, a Navajo court can use Navajo law to give appellee the proceeds; (2) alternatively, a constructive trust can be imposed on the proceeds using the unclean hands doctrine; and (3) the evidence here supports the constructive trust imposed on the FEGLI proceeds.

Federal courts, in construing the FEGLI Act, have consistently held that section 8705(a) preempts state court decisions ordering payment of FEGLI proceeds to people not designated in section 8705(a). *O'Neil v. Gonzalez*, 839 F.2d 1437 (11th Cir. 1988); *Dean v. Johnson*, 881 F.2d 948 (10th Cir. 1989); *Metropolitan Life Insurance Co. v. McShan*, 577 F. Supp. 165 (N.D. Cal. 1983); *Mercier v. Mercier*, 721 F. Supp. 1124 (D.N.D. 1989). The Supremacy Clause of the United States Constitution controlled these federal decisions. While the Supremacy Clause does not control our case, *Talton v. Mayes*, 163 U.S. 376 (1896); *United States v. Wheeler*, 435 U.S. 313 (1978), federal decisions are helpful on determining Congress' intent in passing the FEGLI Act.

The United States Supreme Court once said in dictum that a "general federal statute in terms applying to all persons includes Indians and their property interests." *Federal Power Comm'n. v. Tuscarora Indian Nation*, 362 U.S. 99, 116 (1960). This statement presumes that a general federal statute applies to everyone, including Indians, not explicitly excluded. We disagree with the Supreme Court's dictum because of its inconsistency with congressional policies encouraging tribal self-government and protection of Indian rights, including treaty rights. Furthermore, the Navajo Tribal Council's policy of exercising full Navajo sovereignty makes us reluctant to apply general federal statutes to the derogation of Navajo sovereignty without clear evidence of Congress' intent. See *Smart v. State Farm Insurance*, 868 F.2d 929, 932 (7th Cir. 1989).

The Navajo Nation desires to expand and strengthen Navajo sovereignty. Consequently, we presume a general federal statute does not apply to the Navajo Nation unless Congress' intent for such application is overwhelming. In deciding whether a general federal statute should be held applicable to the Navajo Nation, congressional intent must be balanced against Navajo sovereignty, including self-government and treaty rights. See *Billie v. Abbott*, 6 Nav. R. 66, 68-70 (1988).

Section 8705(a) will not limit the powers of Navajo courts unless there is clear and outweighing evidence that Congress intended all distributions of FEGLI proceeds be governed by that section. A purpose of the FEGLI Act is to authorize the federal government to provide low-cost group life insurance to federal employees. H.R. Rep. No. 2579, *reprinted in* 1954 U.S. Code Cong. & Admin. News 3052. Presumably, by being provided with low-cost insurance protection, federal employees would be in a better position "to carry out their responsibilities to their families." *Metropolitan Life Insurance Co. v. Thompson*, 368 F.2d 791, 793 (3rd Cir. 1966) (*quoting* President's Message to Congress on the FEGLI

Act), *reprinted in* 1954 Code Cong. & Admin. News 3056. The intent is clear — Congress wanted to assure support for dependents of deceased federal employees. *See, Metropolitan Life Insurance Co. v. Thompson*, 368 F.2d at 793. Thus, Congress requires automatic life insurance coverage for all eligible federal employees. *See* 5 U.S.C. § 8702(a).

The federal government is a major employer in the Navajo Nation. A sizable part of the Navajo labor force is employed by the federal government. We assume many Navajo people were attracted to federal service by the benefits the federal government provides to its employees and their dependents. After scrutinizing the FEGLI Act, we find that Congress carefully outlined the insurance benefits federal employees and their dependents are entitled to. Congress has even expressly instructed the Federal Office of Personnel Management "to have each insured employee receive a certificate setting forth the benefits to which he is entitled, to whom the benefits are payable, to whom claims shall be submitted, and summarizing the provisions of the policy principally affecting him." 5 U.S.C. § 8703.

We equally considered the impact that giving preemptive effect to this federal law would have on Navajo sovereignty and Navajo rights. Intrusion on Navajo sovereignty is minimal. Applying section 8705(a) will not lessen Navajo court jurisdiction over internal Navajo affairs as was alleged in *Billie v. Abbott*, 6 Nav. R. at 71.

Jurisdiction over Mr. Jumbo's estate, including distribution of the FEGLI proceeds, remains in the Navajo court. More importantly, section 8705(a) does not take jurisdiction from the Navajo Nation and give it to a non-Navajo tribunal. The Navajo court's decision-making power is minimally affected. Importantly, the result is a Navajo court will apply federal law which is permitted. 7 N.T.C. § 204 (1985).

The federal interest in assuring support for dependents of deceased federal employees is strong. Many dependents of Navajo federal employees will benefit from Congress' plan. We hold that the Navajo courts must obey section 8705(a) and distribute FEGLI proceeds as directed by federal law. A contrary holding is equal to redistributing federal benefits contrary to Congress' intent and what Navajo federal employees expected.

Navajo law on distribution of proceeds from a life insurance policy administered under federal law is nonexistent. Mrs. Biakeddy, however, has identified Navajo case law which permits awarding life insurance proceeds to a person not designated as beneficiary. In *Apache v. Republic National Life Insurance Co.*, 3 Nav. R. 250 (Window Rock Dist. Ct. 1982), the insured designated his wife as beneficiary on his life insurance policy. The parties were divorced, and shortly thereafter, the insured died without changing the beneficiary on his policy. The court denied the former wife's claim to the proceeds holding that under Navajo custom, divorced spouses have no further interest in the other's life or property. *Apache* is inapplicable here because Mr. and Mrs. Jumbo were still married at the

time of Mr. Jumbo's death, and this case concerns a policy administered under federal law which raises the issue of federal preemption.

Mrs. Biakeddy argues that section 8705(a) merely sets forth a procedure by which the insurance company may pay Mrs. Jumbo the proceeds to avoid liability. Mrs. Biakeddy wants section 8705(a) construed like a facility of payment clause which normally applies to private insurance contracts. This type of clause protects an insurer against liability by giving the insurer an option as to whom it will pay. 44 Am. Jur. 2d *Insurance* § 1766 (1982). This argument is unpersuasive because the insurance in question is not a private insurance contract but "a federal policy administered under federal law." *Knowles v. Metropolitan Life Insurance Co.*, 514 F. Supp. 515, 516 (N.D. Ga. 1981). Mrs. Biakeddy's position also contravenes Congress' intent to assure support for dependents of deceased federal employees. Finally, this argument was rejected by a federal court which found that the FEGLI Act grants substantive rights as opposed to being merely procedural. *O'Neal v. Gonzalez*, 839 F.2d 1437, 1439 (11th Cir. 1988) *relying upon Metropolitan Life Insurance Co. v. McShan*, 577 F. Supp. 165 (N.D. Cal. 1983).

The language in section 8705(a) is explicit. Congress left little room for dispute as to who is entitled to the FEGLI proceeds. Thus, a strict construction is appropriate. *See Stribling v. United States*, 419 F.2d 1350, 1354 (8th Cir. 1969). Section 8705(a) provides that where a policyholder fails to designate a beneficiary, the proceeds "shall be paid ... to the widow or widower of the employee." The words "shall be paid" are mandatory and they confer upon Mrs. Jumbo a statutory right to the proceeds.

Mrs. Biakeddy also argues that the distribution scheme is mandatory only where the insured designates a beneficiary. She reasons that because Mr. Jumbo failed to designate Mrs. Jumbo as beneficiary, he did not intend her to be the beneficiary. Mr. Jumbo did not designate Mrs. Jumbo as beneficiary, but he was instructed that his wife would receive the proceeds if he did not name a beneficiary. The FEGLI certificate that federal employees receive specifically instructs each insured that "[y]ou do not need to name a beneficiary if you are satisfied to have your life insurance benefits paid in the order of precedence." Mr. Jumbo did not need to name Mrs. Jumbo as beneficiary. Formal designation would give her no additional rights. We cannot assume Mr. Jumbo did not intend his wife to be beneficiary. On the contrary, we agree that "[i]n the absence of designation by the insured, it may be assumed that the insured desires the proceeds to go in the order established by statute [section 8705(a)] which is called to his attention." *Metropolitan Life Insurance Co. v. Thompson*, 368 F.2d 791, 794 (3rd Cir. 1966).

## III

The final issue involves imposition of a constructive trust on FEGLI proceeds so the proceeds can be paid to a person not designated in section 8705(a). We

hold that a constructive trust can be ordered to prevent payment of FEGLI proceeds to a beneficiary but only after a finding of extreme wrongdoing. None of the four facts found by the district court can be considered extreme wrongdoing; therefore, imposition of a constructive trust in this case is unjustified.

Mrs. Biakeddy argues that the constructive trust is appropriate because Mrs. Jumbo by her "unacceptable conduct" contributed to the murder of Biakeddy. Mrs. Jumbo argues that a constructive trust should be imposed only after a finding that the beneficiary murdered the insured. Mrs. Jumbo's argument is reasonable and fits the extreme wrongdoing test. Thus, a Navajo court may impose a constructive trust on FEGLI proceeds after it finds that the beneficiary murdered or contributed to the murder of the insured. For example, a constructive trust would be imposed where the beneficiary murdered the insured to get the FEGLI proceeds. The beneficiary should not benefit from the murder in that example.

Appellant Jumbo has not challenged the district court's judgment in Appellee Biakeddy's wrongful death action and that judgment remains effective. The district court's order including the FEGLI proceeds in Mr. Jumbo's estate is reversed. The FEGLI proceeds shall not be paid to Mrs. Biakeddy in satisfaction of her claim against the estate.

Reversed and Remanded.